IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

**v.**

**TANYA RENEE NICHOLS,**

**Defendant.**                                                                 **No. 14-CR-30160-DRH**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Now before the Court is defendant's motion to correct sentence pursuant to Federal Criminal Rule 35(a) (Doc. 81). Specifically, defendant moves the Court to correct her sentence to change her total offense level from a 23 to a 19. Specifically, defendant argues that there is no evidence to support that defendant was a leader in the scheme and that the presentence report over-represents her criminal history. The government opposes the motion (Doc. 92). Based on the following, the Court denies the motion.

After pleading guilty, the Court sentenced defendant to 57 months imprisonment on June 12, 2015 (Docs. 68 & 68). Thereafter, defendant filed a

notice of appeal (Doc. 73). While the appeal still pending, defendant filed the motion to correct sentence (Doc. 81). The government filed its response on August 10, 2015 (Doc. 92). On October 15, 2016, the Seventh Circuit Court of Appeals issued its Mandate dismissing the appeal pursuant to Federal Rule of Appellate Procedure 42(b) and Circuit Rule 51(f) (Doc. 95). As the motion to correct sentence remains pending, the Court turns to address the merits.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996). Under Federal Criminal Rule 35, revision is proper only within 14 days, unless the prosecutor files an appropriate motion or the court of appeals remands.

Federal Criminal Rule 35(a) provides:

> Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.

Rule 35(a) is inapplicable because the motion does not appear to be brought to correct the sentence that resulted from arithmetical, technical or other clear error. Rather, defendant is substantively challenging the findings of the Presentence Investigation Report that found her the leader of a scheme that involved 5 or more participants and that found her criminal history of a category III. Defendant should have raised these objections prior to and/or at sentencing and she did not. Rule 35(a) is not the proper avenue for the relief defendant seeks.

Accordingly, the Court **DENIES** the motion to correct sentence (Doc. 81).

**IT IS SO ORDERED.**

Signed this 7th day of March, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.03.07 15:36:46 -06'00'

**United States District Judge**