IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

TANYA RENEE NICHOLS,

Defendant.                                              No. 14-CR-30160-DRH

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

Now before the Court is defendant's motion for reconsideration 18 U.S.C. § 3742(e) post sentencing rehabilitation programming (Doc. 107). Nichols moves the Court to reduce her sentence because she has received 12 certificates since she has been incarcerated. Based on the following, the Court dismisses for want of jurisdiction her motion.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996). The following post-judgment motions are allowed if timely filed. Under Federal Rule of Criminal Procedure 35, revision is proper only within 14 days, unless the prosecutor files an appropriate motion or the court of appeals remands. Further, a Rule 33 motion for new trial based on new evidence must be brought within 3 years after the verdict or finding of guilty and a

Rule 33 motion for new trial based on other grounds must be brought within 14 days after the verdict or finding of guilty.  Lastly, a collateral attack, under 28 U.S.C. ' 2255, which has a 1 year statute of limitations.

Here, Nichols does not cite any case law or statute that would allow the Court to consider her motion. The Court notes that Nichols does cite to 18 U.S.C. § 3742(e) and to *Pepper v. United States*, 131 S.Ct. 1229 (2011) as support for her motion. Clearly, her argument is misplaced as neither 18 U.S.C. §3742(e) nor *Pepper* provides support for her motion.

18 U.S.C. § 3742(e) provides in part:

> Consideration.—Upon review of the record, the **court of appeals** shall determine whether the sentence---
> (1) was imposed in violation of the law; ….

18 U.S.C. § 3742(e) (emphasis added). Further, the Supreme Court held in *Pepper* that when a defendant's sentence has been *set aside on appeal*, a district court at resentencing may consider evidence of the defendant's post-sentencing rehabilitation. *Pepper*, 131 S.Ct at 1241-1242.   This matter is not before the Court on remand from the Court of Appeals for resentencing.   In fact, Sanders' sentence has not been set aside on appeal.   On October 16, 2015, the Seventh Circuit Court of Appeals issued its Mandate dismissing the appeal pursuant to Federal Rule of Appellate Procedure 42(b) and Circuit Rule 51(f) (Doc. 95).

Moreover, Rule 35 is inapplicable because this motion is brought over a year *after* the sentencing (June 12, 2015) and it does not appear to be brought to correct the sentence arithmetical, technical or other clear error. Moreover, as stated

previously, the Court of Appeals has not remanded this matter for resentencing. The Court notes that the Government did file such a motion and the Court ruled on the motion in May 2016 (Docs. 103 & 106, respectively).  Likewise, Rule 33 does not apply because the motion does not appear to be brought on newly discovered evidence and it was not filed within 14 days of the finding of guilty to be timely to be brought based on other reasons. Therefore, the only other possible procedural avenue that Nichols could bring this motion is a Section 2255 collateral attack. *See Romandine v. United States*, 206 F.3d 731 (7th Cir. 2000). After reviewing the pleadings, it is not clear to the Court that Nichols intends to pursue a collateral attack. The Court finds that Nichols' motion does not fall under any of the exceptions authorized by statute or rule.  Thus, the Court lacks jurisdiction to entertain the motion.

Accordingly, the Court **DISMISSES for want of jurisdiction** Nichols' motion for reconsideration 18 U.S.C. 3742(e) post-sentencing rehabilitation programming (Doc. 107).

**IT IS SO ORDERED.**

Signed this 19th day of September, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.09.19 15:19:07 -05'00'

**United States District Judge**